UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>　　　　Defendant. | No.  2:20-cv-01548-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

　　This matter is before the Court on Sandra Rhodes' ("Plaintiff") Motion to Remand.  Mot. to Remand ("Mot."), ECF No. 6.  Plaintiff filed suit against Mercedes-Benz USA, LLC ("Defendant") in Placer County Superior Court.  See Compl., Ex. A to Mot., ECF No. 6.  Defendant removed the case to federal court, invoking this Court's diversity jurisdiction.  Notice of Removal at 4 (citing 28 U.S.C. § 1332).  In response, Plaintiff filed this motion to remand.  ECF No. 6.  Defendant opposed.  Def.'s Opp'n., ECF No. 10.  Plaintiff did not file a reply.

　　For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 10, 2020.

1

I.   BACKGROUND

In March 2018, Plaintiff leased a 2018 Mercedes GLS450 manufactured by Defendant. Compl. at ¶ 3. Plaintiff alleges the GLS450 had various defects that required her to take the car in for service several times. Id. at ¶¶ 18-29. The problems with the car persisted and Plaintiff asked Defendant to replace or repurchase the SUV. Id. at ¶ 26. Defendant refused. Id. at ¶ 29. Plaintiff filed this lawsuit against Defendant on January 10, 2020, in Placer County Superior Court. See Compl. Plaintiff alleges breach of express and implied warranties under both the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., and the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1790 *et seq*. Id. at ¶¶ 33-63. Plaintiff seeks monetary relief. Id. at ¶¶ 42, 50, 55, 63.

On March 5, 2020, Defendant answered and simultaneously served its first set of written discovery on Plaintiff. See Answer, Ex. B to Mot., ECF No. 6. Plaintiff responded on March 25, 2020. See Ex. C to Mot. Relevant to the present motion, Plaintiff stated in her March 25 response to Defendant's Special Interrogatory No. 1 that she sustained the following damages: "Vehicle Cost: $70,413.98," "Civil Penalty: As provided by statute," "Diminished Value . . . not to exceed 50% of the purchase price of the vehicle," "Aggravation and Inconvenience . . . not to exceed $15,000.00," "Loss of use," and "Other Incidental and Consequential Damages . . . not to exceed $15,000.00." Id.

After Plaintiff replied to the first set of discovery, Defendant changed counsel. Mot. at 4. Defendant's new counsel

2

served Plaintiff with a second set of written discovery on June 10, 2020, to which Plaintiff responded on July 10, 2020. Id. Defendant's new counsel then filed a Notice of Removal on August 3, 2020. See Notice of Removal, ECF No. 1. On September 2, 2020, Plaintiff filed this motion to remand. See Mot.

## I. OPINION

### A. Motion to Remand

#### 1. Legal Standard

A defendant may remove a case from state to federal court if the federal court would have had jurisdiction over the matter were it originally filed there. 28 U.S.C. § 1441; Moore-Tomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). The defendant then bears the burden of establishing that removal is proper. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

Section 1446(b) creates two thirty-day windows for removing a case from state court. 28 U.S.C. § 1446. When the presence of federal jurisdiction is clear on the face of the complaint, defendants must file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). When the complaint does not set forth grounds for federal jurisdiction, defendants must file their notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has explained: "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through

subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Thus, if the pleading or other paper is indeterminate as to removability, a defendant has no duty to inquire further. Id.

### 2. Analysis

Plaintiff argues the Court should remand this suit to Placer County Superior Court because Defendant's removal was untimely under either § 1446(b)(1) or § 1446(b)(3).[2] See Mot. at 4-9. Specifically, Plaintiff contends that both the complaint and her responses to Defendant's first set of discovery provided Defendant with notice of removability on the basis of diversity jurisdiction. Id. Thus, according to Plaintiff, the thirty-day window for removal passed months before Defendant filed its Notice of Removal, regardless of whether the removal clock started with the filing of the complaint or with Plaintiff's March 25 discovery responses. Id.

Defendant does not argue it lacked notice of the complete diversity of the parties, rather, Defendant contends that until July 10, 2020, the amount in controversy remained indeterminate. See Opp'n. at 5-8. According to Defendant, the grounds for removal, particularly whether the amount in controversy exceeded $75,000, did not become clear until Plaintiff responded to Defendant's second set of Special Interrogatories on July 10, 2020. Id. at 7-8. Specifically, in this second set of

---

[2] Plaintiff further argues that even if the Court finds removal was timely, the Court still would not have subject matter jurisdiction over the case. See Mot. at 9-19. Because the Court finds that removal was untimely, the Court does not reach the additional arguments.

4

1  responses, Plaintiff provided the date on which she first
2  brought her Mercedes GLS450 in for service.  Id.  Absent this
3  date, Defendant could not calculate the mileage use offset for
4  purposes of determining the amount in controversy and
5  consequently could not determine removability.  Id.  Thus,
6  Defendant argues that when it filed its Notice of Removal on
7  August 3, 2020, it was within the thirty-day window after
8  Plaintiff's response to the second set of discovery.  See Notice
9  of Removal.

10      However, upon review of the "four corners of the applicable
11 pleadings," the Court finds the grounds for removal on the basis
12 of diversity jurisdiction were clear by at least March 25, 2020,
13 when Plaintiff responded to Defendant's first set of discovery.[3]
14 See Harris, 425 F.3d at 694.  Particularly, Plaintiff's response
15 to Defendant's Special Interrogatory No. 1 ("Please itemize your
16 damages you are seeking against MERCEDES-BENZ USA, LLC with
17 respect to the Subject Vehicle") put Defendant on notice that
18 more than $75,000 was in controversy: "Vehicle Cost:
19 $70,413.98," "Civil Penalty: As provided by statute,"
20 "Diminished Value . . . not to exceed 50% of the purchase price
21 of the vehicle," "Aggravation and Inconvenience . . . not to
22 exceed $15,000," "Loss of use," and "Other Incidental and
23 Consequential Damages . . . not to exceed $15,000."  See Ex. C
24 to Mot.  This response clearly provides notice that damages in
25 excess of $75,000 are at issue.  Defendant even acknowledges

---

[3] Whether the complaint itself put Defendant on notice of more than $75,000 being at stake is less clear, but the Court need not make this determination as the Court finds Plaintiff's responses to the first set of discovery did provide Defendant with notice.

1  that, "based on these clues and its experience with similar
2  vehicles and litigation . . . more than $75,000 might
3  ultimately prove to be at stake." Opp'n. at 6. Yet, Defendant
4  insists it was not required to "interpret clues or to do any
5  further investigation" because the law does not require it do
6  so. Id. Defendant is correct that the Ninth Circuit has not
7  imposed a duty on defendants to inquire where the initial
8  pleading or other document is indeterminate with respect to
9  removability. Harris, 425 F.3d at 694. But Plaintiff's March
10 25, 2020 response was clear. The amount in controversy was not
11 indeterminate and thus the removal clock began to run on March
12 25, 2020.
13   As a result, Defendant's prior counsel missed the thirty-
14 day window between late March and April 2020 to remove this
15 case. Accordingly, by the time Defendant's new counsel filed a
16 Notice of Removal on August 3, 2020, it was untimely.

## II. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: November 16, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6